THIS DISPOSITION IS
CITABLE AS PRECEDENT OF
THE TTAB

Mailed: April 28, 2006

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re Ancor Holdings, LLC.
_____

Serial No. 76213721
_____

Andrew R. Basile of Young & Basile, P.C. for Ancor Holdings, LLC

Brian Pino, Trademark Examining Attorney, Law Office 114 (K. Margaret Le, Managing Attorney).
_____

Before Quinn, Grendel and Kuhlke, Administrative Trademark Judges.

Opinion by Kuhlke, Administrative Trademark Judge:

Ancor Holdings, LLC has filed an application to register, on the Principal Register, the mark INFOMINDER (in standard character form) for services ultimately recited as "reminder services in the area of upcoming important dates and events; personal scheduling services provided via the Internet" in International Class 42. The application was filed on February 19, 2001, based upon an allegation of a bona fide intention to use the mark in

commerce.  The application was published for opposition on April 2, 2002 and a notice of allowance subsequently issued on June 25, 2002.  Applicant filed its statement of use and a specimen on December 23, 2003, alleging first use anywhere and in commerce as of August 21, 2001.  The examining attorney issued a final refusal to register under Sections 1, 2 and 45 of the Trademark Act, 15 U.S.C. §§1051, 1052 and 1127, on the ground that the mark, as depicted in the specimen of use, "does not function as a service mark to indicate the source of the services." Final Office Action, September 10, 2004, p. 1.

When the refusal was made final, applicant appealed. Briefs have been filed, but applicant did not request an oral hearing.  We reverse the refusal to register.

Applicant's specimen of use is reproduced below:



The record also includes applicant's brochure and a printout from applicant's website. The following passages appear on applicant's website:

> Many of our clients do not have the technical resources to build and maintain their interactive marketing programs in-house. Ancor's eSolutions Group provides you an end-to-end technology solution with a full suite of eSolutions including... InfoMinder – your complete marketing communications solution ...

> InfoMinder is a powerful suite of integrated information and content management products designed to accelerate and refine your integrated marketing initiatives. Relevant, timely and accurate information is always available to those who need it – anytime and anywhere. Ancor's eSolutions Group integrates and scales to your needs seamlessly so that your existing investments are leveraged.

3

> InfoMinder is designed to help you communicate effectively and efficiently with your customers. InfoMinder, is a self service model as a hosted application, or can be leveraged through a full-service arrangement, allowing you to outsource all functions associated with email and traditional paper marketing communications to Ancor.
>
> InfoMinder is a flexible campaign management tool with a user-friendly, web-based interface that allows you to create and deliver email and paper-based communications to your customers and prospects any time and from anywhere. With the unmatched personalization and automation built into InfoMinder, you can build true 1:1 relationships with your customers.

The examining attorney's position is that the "specimen shows use of the mark for goods, not services." Br. p. 2. The examining attorney supports his position by pointing to use of the mark INFOMINDER in connection with the words "tool," in applicant's specimen, and the words "product," and "suite" in applicant's brochure and website, and concludes that "the perception of the mark on the specimen is for software that is used in the performance of the services, but not as a source indicator for the services themselves." Id.

Applicant argues that it "is providing a service and is not in the business of selling any type of software." Br. p. 4. Applicant describes the provision of its services in the following passage:

> Applicant's services entail receiving client's data, building a database, and offering web-based access to these databases and providing various communication functions, such as email reminders of important dates and events, as well as scheduling. Applicant provides this service of delivering these reminder messages. Applicant's service is provided online and is web-based. Applicant only provides a service and does not provide, download, or sell any type of software. Id.

As the Board stated in In re Walker Research, Inc., 228 USPQ 691, 692 (TTAB 1986) (hereinafter "Walker"), "whether or not a term functions as a service mark necessarily depends on how that term is used and how it is perceived by potential recipients of the services." Thus, we must base our determination of public perception of applicant's mark on the manner of use of INFOMINDER in the advertising which has been submitted as a specimen. Further, we must make that determination within the current commercial context, and, in doing so, we may consider any other evidence of record "bearing on the question of what impact applicant's use is likely to have on purchasers and potential purchasers." In re Safariland Hunting Corp., 24 USPQ2d 1380, 1381 (TTAB 1992). See also In re International Environmental Corp., 230 USPQ 688 (TTAB 1986).

Relying on Walker, the examining attorney states that a mark "that merely identifies [sic] computer program used

in rendering services does not function as a service mark" (Br. p. 2) and argues that the word "tool" "is widely used in the computer industry to refer to a computer program or software." The examining attorney supports this argument with the following dictionary definition, "Computer Science: An application program, often one that creates, manipulates, modifies, or analyzes other programs." The American Heritage Dictionary of the English Language (4th ed. 2000).

However, applicant's services and the specimen of use are not in the field of computer science. A more appropriate definition of "tool" used in the context of applicant's services is, "Something regarded as necessary to the carrying out of one's occupation or profession." Id. Applicant's services are identified as "reminder services in the area of upcoming important dates and events; personal scheduling services provided via the Internet," and applicant's prospective customers presumably would be seeking a business tool for scheduling purposes. The fact that the word "tool" appears on the specimen does not automatically associate the mark with computer software. Although it may well be software that is generating the reminders and scheduling, in today's commercial context if a customer goes to a company's

6

website and accesses the company's software to conduct some type of business, the company may be rendering a service, even though the service utilizes software. Because of the ambiguity of the term "tool," and the blurring between services and products that has occurred with the development and growth of web-based products and services, it is important to review all the information in the record to understand both how the mark is used and how it will be perceived by potential customers.

Under the circumstances presented in this case, we find that applicant's specimen is acceptable evidence of service mark use. The record shows that applicant provides customer marketing communication services that include "initiating and scheduling email communications/reminders." See Printout of Applicant's Website attached to Final Office Action (September 10, 2004). Applicant's specimen, which includes the text "A Web-based marketing communications tool with the power to execute and analyze virtually every aspect of your email and traditional paper communications" and "Ready to easily create, schedule and analyze communications?", in today's commercial context, sufficiently creates in the minds of purchasers an association between the mark and applicant's identified reminder and scheduling services. The facts of this case

7

are distinguished from Walker where the alleged mark SegMentor, used as an adjective to modify computer software, referred "to the software used in the performance of the services and [did] not identify and distinguish the services themselves."  Id. at 692.

**Decision**:  The refusal to register is reversed.